IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYAN BRUSHABER, individually and on behalf of a class of persons similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. |
| NU-WAY INDUSTRIES, INC., | )<br>) JURY TRIAL DEMANDED |
| Defendant. | )<br>)<br>) |

## COMPLAINT

RYAN BRUSHABER, individually and on behalf of a class of persons similarly situated ("Plaintiffs"), by their attorneys, William D. Kelly and Joseph A. Neveril of Kelly & Karras, Ltd., and Jeffrey Grant Brown of Jeffrey Grant Brown, P.C., for the Plaintiffs 'Complaint against the Defendant, NU-WAY INDUSTRIES, INC., state and allege as follows:

## THE PARTIES AND INTRODUCTION

1. Plaintiff Brushaber is an individual currently residing in Elk Grove Village, Cook County, Illinois.

2. From on or about February 8, 2021, to on or about September 21, 2021, Plaintiff Brushaber worked as an employee, in the capacity of a machine operator, for the Defendant at the Defendant's business location in Des Plaines, Cook County, Illinois. At all times relevant herein, the Plaintiff was a non-exempt hourly employee.

3. Defendant, Nu-Way Industries, Inc., is a corporation organized and existing under the laws of the State of Illinois and has its principal place of business in Des Plaines, Cook County, Illinois.

4. At all times relevant hereto, the Defendant had a written policy pursuant to which it regularly and improperly rounded the time or times that Plaintiff Brushaber, and all of the Defendant's other similarly situated hourly workers, clocked in and out to record the time the Plaintiffs worked (the "Written Policy"). A copy of the Defendant's Written Policy is attached hereto and incorporated herein as ***Exhibit "A"***.

5. Defendant regularly and improperly rounded the time in which Plaintiff Brushaber, and all of the Defendant's other similarly situated hourly employees, clocked in and out. Those employees, including Plaintiff Brushaber, and as more specifically defined below in paragraphs 27 and 33, are referred to herein collectively as the "Plaintiffs".

6. The Plaintiffs' claims are brought in two counts. Count I seeks relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and Count II is brought under the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

7. In Count III, Plaintiff Brushaber brings a separate, individual action against Defendant for retaliatory discharge.

## JURISDICTION AND VENUE

8. Jurisdiction in this Court is conferred by 28 U.S.C. §1331 and 29 U.S.C. §216(b), based on a federal question; the claims in Count I arise under a federal law, the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA"). Further, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over Plaintiffs' Illinois claims in Count II under the Illinois Minimum Wage Law (the "IMWL") and Plaintiff Brushaber's Illinois claim in Count III for retaliatory discharge. The claims arising under the IMWL, and Plaintiff Brushaber's claim for retaliatory discharge, are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2

9. Venue is proper in this Court as the illegal and improper conduct on the part of the Defendant as alleged herein occurred primarily within this district.

10. At all times relevant herein, both before, during, and after Plaintiff Brushaber's term of employment with the Defendant, the Defendant has been an "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. §203(d), and Section 3(c) of the IMWL, 820 ILCS §105/3(c).

11. At all times relevant herein, each of the Plaintiffs has been an "employee" of the Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. §203(e), and Section 3(d) of the IMWL, 820 ILCS §105/3(d).

12. The Defendant is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

## FACTS

13. Plaintiff Brushaber was hired by the Defendant commencing on February 9, 2021, to work for the Defendant primarily as a machine operator. At the time Plaintiff Brushaber was hired, Plaintiff Brushaber was advised that Defendant would pay him $15.00 per hour for each hour he worked for the Defendant.

14. During his employment with the Defendant, Plaintiff Brushaber, and, upon information and belief, other similarly situated hourly employees of the Defendant, routinely worked more than forty (40) hours per week, often from 6:00 a.m. to 3:30 p.m., Monday through Friday.

15. The Defendant was aware that Plaintiff Brushaber, and other similarly situated hourly employees of the Defendant, clocked in and out for work at various times, not often exactly at the Plaintiffs' starting or ending times.

16. The Defendant had a written policy pursuant to which it rounded forward its employees' clock-in time at the beginning of a scheduled shift fifteen minutes or more, and calculated compensable time on that rounding, when an employee clocked in at any time after the start of an hour; and rounded back its employees' clock-out time fifteen minutes or more, and calculated compensable time on that rounding, when an employee clocked out after the end of the employees' scheduled shift. For example, if an employee clocked in at 8:06 a.m., the Defendant rounded that time to the quarter hour, as if the employee had clocked in at 8:15 a.m., and did not compensate the employee for the time worked between 8:06 a.m. and 8:15 a.m. If an employee with a shift scheduled to end at 4:30 p.m. clocked out at 4:36 p.m., the Defendant rounded that time to the half hour, as if the employee clocked out at 4:30 p.m., and did not compensate the employee for the time worked between 4:30 p.m. and 4:36 pm.

17. Upon information and belief, there exists documentation within the Defendant's possession and control indicating the time Plaintiff Brushaber worked, as well as the time the other similarly situated hourly employees of the Defendant worked, as reflected in Defendant's time-keeping system and in other records; however, such records may reflect only rounded time entries, as opposed to the actual time worked.

18. The Defendant used a payroll computer program to track Plaintiff Brushaber's time worked, and the time worked of all of the Defendant's other similarly situated hourly employees; and, Defendant has in its possession, as required by 29 C.F.R. §516.2 *et seq.*, records of the regular hourly rate of pay and total time worked for Plaintiff Brushaber, as well as for the other similarly situated hourly employees of Defendant; and, Defendant has used such program since prior to the time Plaintiff Brushaber began his employment with the Defendant; and, the Defendant utilized the same manner and method of calculating time and pay for Plaintiff Brushaber as it did for

numerous of Defendant's other similarly situated hourly employees. The exact identity of those other employees is within Defendant's exclusive possession and control.

### DEFENDANTS' FAILURE TO PROPERLY CALCULATE WAGES

19. Plaintiff Brushaber, and the other similarly situated hourly employees of the Defendant, routinely worked in excess of forty (40) hours a week during their employment with Defendant.

20. Plaintiff Brushaber, and the other similarly situated hourly employees of the Defendant, are entitled to compensation in the amount of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

21. Plaintiff Brushaber and Defendant kept time records which demonstrate that Plaintiff Brushaber, and the other similarly situated hourly employees of Defendant, routinely worked in excess of forty (40) hours in any given workweek during their employment with Defendant.

22. The Defendant, however, has and has had a policy and practice of failing to pay the proper amount of overtime wages to Plaintiff Brushaber, as well as to the Defendant's other similarly situated hourly employees, based on one and one-half times the employee's regular hourly rate.

23. Section 7 of the FLSA, 29 U.S.C. §207, and Section 4a of the IMWL, 820 ILCS §1054a, require employers to pay employees for all overtime hours worked at the rate of one and one-half times the employees' regular rate of pay.

24. Defendant's practice of failing to pay the proper amount of overtime wages has caused Plaintiff Brushaber, as well as the other hourly employees of the Defendant, to be deprived of an amount due them and ascertainable through a review of the payroll records Defendant is

legally required to maintain; however, the exact amount of the Plaintiffs' unpaid wages is presently not ascertainable by Plaintiff Brushaber.

## FACTS IN SUPPORT OF COLLECTIVE ACTION CERTIFICATION

25. Plaintiff Brushaber brings Count I of this Complaint as a collective action on behalf of himself and all other current and former hourly employees of Defendant who were not paid the full amount of overtime wages earned and owed to them.

26. Section 16(b) of the FLSA allows for a collective action "against any employer … by any one or more employees for and on behalf of himself and other employees similarly situated." 29 U.S.C. §216(b).

27. Plaintiffs seek to send notice of this action to the following described persons:

> All persons who were employed by Defendant, Nu-Way Industries, Inc., as non-exempt hourly employees throughout and at any time between December 1, 2018 and the present who were not paid the full amount of overtime wages earned and owed to them.

28. There are questions of law or fact common to the employees described in paragraph 27, even though there may be differences in their job titles, functions or rate of pay.

29. Plaintiff Brushaber is similarly situated to the employees described in paragraph 27, because the putative class members and Plaintiff Brushaber were together the victims of a single decision, policy or plan, as more fully set forth herein.

30. Plaintiff Brushaber's claims, and the Defendant's potential defenses to those claims, are typical of the claims of and any defenses to the claims of the persons described in paragraph 27; and, there is sufficient similarity between the named and any opt-in Plaintiffs to allow the matter to proceed to trial on a collective basis.

31. This is not a collusive or friendly action. Plaintiff Brushaber has retained counsel experienced in complex employment litigation, and Plaintiff Brushaber and his counsel will fairly and adequately protect the interests of the persons described in paragraph 27.

## CLASS ACTION ALLEGATIONS

32. Plaintiff Brushaber brings Count II as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other current and former hourly employees of Defendant who did not receive the full amount of overtime wages earned and owed to them.

33. Plaintiff Brushaber seeks certification of the following class pursuant to Count II:

All persons who were employed by Defendant, Nu-Way Industries, Inc., as non-exempt hourly employees in Illinois at any time between December 1, 2018, and the present who did not receive the full amount of overtime wages earned and owed to them (the "IMWL Class").

34. The number of present and former employees described in paragraph 33 is so numerous that joinder of each of them, as individual parties to this action, is impractical.

35. There are questions of law or fact common to the persons described in paragraph 33, including whether each such person received the correct amount of overtime compensation; and, those questions predominate over any questions affecting only individual members.

36. Plaintiff Brushaber is similarly situated to the persons described in paragraph 33 as Plaintiff Brushaber's claims are typical of the claims of those persons.

37. This is not a collusive or friendly action. Plaintiff Brushaber has retained counsel experienced in complex employment litigation, and Plaintiff Brushaber and his counsel will fairly and adequately protect the interests of the persons described in paragraphs 33.

38. A class action is the superior and most appropriate method for the fair and efficient resolution of the matters alleged in Count II.

39. At all times relevant hereto, Defendant employed the Plaintiff and the persons described in paragraph 33.

40. At all times relevant hereto, Defendant paid the Plaintiff, and the persons referenced in paragraphs 33, to work on an hourly basis.

## COUNT I – FLSA
## FAILURE TO PAY PROPER WAGES

41. Plaintiff Brushaber realleges and incorporates herein by reference the allegations in paragraphs 1 through 40 as paragraph 41 of this Count I.

42. Plaintiff Brushaber seeks to recover from the Defendant unpaid wages, liquidated damages, attorneys' fees and costs pursuant to Section 16(b) of the FLSA. 29 U.S.C. §216(b), for himself and on behalf of all the persons referenced in paragraph 27.

43. Defendant's practice of failing to pay Plaintiff Brushaber, and the persons described in paragraph 27, the proper amount of overtime wages due to them has resulted in the Defendant's non-exempt hourly employees not being paid the full amount of overtime wages owed, in violation of Section 7 of the FLSA. 29 U.S.C. §207.

44. Defendant has failed to pay Plaintiff Brushaber, and the persons referenced in paragraph 27, the full amount of overtime wages they earned for all the time worked.

45. Defendant's failure to compensate Plaintiff Brushaber, and the persons referenced in paragraph 27, the full amount of overtime wages for all time worked violates Section 7 of the FLSA. 29 U.S.C. §207.

46. Defendant's violation of the FLSA was willful: the Defendant deliberately and improperly rounded up or down the times in which the Plaintiffs clocked in and out for work.

8

47. Plaintiff Brushaber, and the persons referenced in paragraph 27, have been damaged by not being paid overtime wages due to them in an amount not presently ascertainable for the relevant time period.

WHEREFORE, the Plaintiffs hereby demand a trial by jury on this Count I and on all Counts so triable; and, further request that this Court grant them the following relief under Count I: (a) appoint Plaintiffs' counsel as counsel for the collective defined in paragraph 27, certify the collective, and authorize Plaintiffs 'counsel to send notice of this lawsuit to the members of the collective referenced in paragraph 27 and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. §216; (b) award Plaintiff Brushaber, and all persons who opt-in, all unpaid overtime wages they earned, plus appropriate liquidated damages; (c) enjoin Defendant from retaliating against any claimant who may seek to opt in to this case; (d) award Plaintiff Brushaber, and all persons who opt in, their attorneys 'fees and costs; (e) award an appropriate incentive fee to Plaintiff Brushaber for his service in bringing this action; and (f) grant such other and further relief as this Court deems equitable and just.

## COUNT II – IMWL
## FAILURE TO PAY PROPER WAGES

48. Plaintiff Brushaber realleges and incorporates by reference the allegations in paragraphs 1 through 24 and 32 through 40 as paragraph 48 of this Count II.

49. Plaintiff Brushaber seeks to recover from the Defendant unpaid wages, statutory penalties, attorneys' fees and costs pursuant to Section 12(a) of the IMWL, 820 ILCS §105/12(a).

50. The Defendant's practice of failing to properly calculate and pay Plaintiff Brushaber, and the other members of the putative IMWL Class referenced in paragraph 33, the proper amount of overtime wages due to them has resulted in Defendant's hourly employees not

9

being paid the full amount of overtime wages owed, in violation of Section 4a of the IMWL. 820 ILCS §105/4a.

51. The Defendant has deliberately failed to pay Plaintiff Brushaber, and the other members of the putative IMWL Class defined in paragraph 33, the full amount of overtime wages they earned for all time worked.

52. The Defendant's failure to compensate Plaintiff Brushaber, and the other members of the putative IMWL Class, the full amount of overtime wages for all time worked violates Section 4a of the IMWL. 820 ILCS §105/41.

53. Plaintiff Brushaber, and the other members of the putative IMWL Class, have been damaged by not being paid all of the overtime wages due to them in a total amount not presently ascertainable for the relevant time period.

WHEREFORE, the Plaintiffs demand a trial by jury on this Count II and on all counts so triable; and further request that this Court grant them the following relief under Count II: (a) certify the IMWL Class, as defined in paragraph 33, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and appoint Plaintiffs' counsel as counsel for the class certified; (b) award Plaintiff Brushaber, and the members of the IMWL Class, all unpaid overtime wages they earned, plus statutory penalties; (c) award Plaintiff Brushaber and the members of the IMWL Class, their attorneys' fees and costs; (d) award an appropriate incentive fee to Plaintiff Brushaber for his service in bringing this matter; and (e) grant such other and further relief as this Court deems equitable and just.

## COUNT III
## RETALIATORY DISCHARGE

54. Plaintiff Brushaber realleges and incorporates by reference the allegations in paragraphs 1 through 4 and 8 through 24 as paragraph 55 of this Count III.

55. In or about June of 2021, Plaintiff Brushaber discovered that Defendant regularly and improperly rounded the time or times that Brushaber clocked in and out for the time he worked.

56. On or about Monday, July 19, 2021, Plaintiff Brushaber had a conversation with Steven A. Southwell, the Defendant's President, to inform the Defendant of the Defendant's improper practice of rounding the time that Plaintiff Brushaber, and the other similarly situated hourly employees of Defendant, clocked in and out for work.

57. Defendant's President, Steven A. Southwell, summarily dismissed Plaintiff Brushaber's claim that Defendant was doing anything improper with respect to Defendant's clock in and clock out policy.

58. On or about August 4, 2021, Plaintiff Brushaber spoke with Mary L. Howard, the Defendant's Executive Vice President, and reiterated his position that the Defendant was violating the law with respect to the Defendant's clock rounding policy.

59. Although Mary L. Howard denied that Defendant's clock rounding policy violated any laws, she did acknowledge that Plaintiff Brushaber had not previously been provided a copy of the Defendant's employee handbook which set forth Defendant's clock in and clock out policy.

60. On or about September 15, 2021, the Defendant provided Plaintiff Brushaber, for his signature, a document entitled "Nu-Way Industries, Inc. – Attend In & Attend Out Policy" (the "Disclosure"). A true and correct copy of the Disclosure provided to Plaintiff Brushaber is attached hereto as *Exhibit "B"*.

61. Inasmuch as Plaintiff Brushaber could not agree to the illegal and improper policy set forth in the Disclosure, Brushaber advised Defendant that he would not sign said Disclosure.

62. As a result of the fact that Plaintiff Brushaber brought to the Defendant's attention its illegal and improper conduct, on September 21, 2021, Plaintiff Brushaber was terminated as an employee of Defendant.

63. Defendant's termination of Plaintiff Brushaber's employment was directly related to and in retaliation for his disclosure that Defendant was illegally and improperly failing to pay its hourly employees overtime for all of the hours worked in excess of forty hours per week.

64. As a result of Brushaber's wrongful termination, he has sustained damages in an amount yet to be determined.

WHEREFORE, Plaintiff, Ryan Brushaber, hereby demands a trial by jury on this Count III and on all Counts so triable; and, Plaintiff, Ryan Brushaber, further requests that this Court grant him the following relief under Count III: (a) enter judgment in his favor and against the Defendant in the amount of his damages proven at trial; and (b) grant such other and further relief as this Court deems equitable and just.

Respectfully submitted,

**RYAN BRUSHABER, individually and on behalf of a class of persons similarly situated, Plaintiffs,**

By: <u>/s/ William D. Kelly</u>
<u>One of their attorneys</u>

William D. Kelly, Esquire
Joseph A. Neveril, Esquire
KELLY & KARRAS, LTD.
1010 Jorie Boulevard, Suite 100
Oak Brook, Illinois 60523
(630) 575-0202
ARDC No. 06182839

Jeffrey Grant Brown, Esquire
JEFFREY GRANT BROWN, P.C.
65 West Jackson Blvd., Suite 107
Chicago, IL 60604
(312) 789-9700
ARDC No. 6194262