IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYAN BRUSHABER, individually and on behalf of a class of persons similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:21-cv-06424 ) |
| NU-WAY INDUSTRIES, INC., | ) ) |
| Defendant. | ) |

**CONSENT DECREE**

1. This is an action brought by Plaintiff, Ryan Brushaber, against his former employer, Nu-Way Industries, Inc. ("Nu-Way") alleging several claims, including allegations that the Company improperly "rounded" time for its hourly employees in violation of the Fair Labor Standards Act ("FLSA"). Nu-Way adamantly denies the allegations.

2. This Consent Decree shall not be construed as an admission by any party of the claims or defenses of any other party.

3. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved by entry of this Consent Decree (hereafter "Decree"), which shall be binding upon the parties. This Decree fully resolves any and all issues and claims arising out of

the Complaint filed by Plaintiff Ryan Brushaber in this action, except for any motion to enforce the Decree and any court action associated with court-ordered enforcement.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the Parties pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just.

    c. This Decree conforms to the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the Fair Labor Standards Act and will be in the best interests of the parties, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## POSTING OF NOTICE

5. Within ten (10) business days after entry of this Decree, Nu-Way shall distribute the Notice attached as Exhibit A to this Decree to all current non-exempt employees, in hard copy and in a manner designed to reasonably ensure that all such employees received the Notice. Further, Nu-Way shall post same-sized copies of the foregoing Notice at its facility, in a conspicuous location easily accessible to and commonly frequented by employees where other government-mandated notices are posted. The Notice shall remain posted for the term of this Decree. Nu-Way shall take all reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. Nu-Way shall certify in writing within fifteen (15) business days after entry of the Decree that the Notice(s) have been properly

posted.

## RECORD KEEPING

6. For the term of this Decree, Nu-Way shall maintain payroll and time records for its hourly employees.

7. Nothing contained in this Decree shall be construed to limit any obligation Nu-Way may otherwise have to maintain records under the FLSA or any other law or regulation.

## POLICY AND TRAINING

8. Nu-Way acknowledges and agrees that its policy, consistent with the FLSA, is to pay all of its hourly employees for all time worked. Nu-Way will not, "round" up or down time worked in a manner that results in employees not being paid for time actually worked, and if rounding is used, Nu-Way will ensure that it is used fairly, in ¼ hour increments, and not only for the benefit of the Company.

9. Nu-Way shall immediately implement the Revised Attend-In and Attend Out Policy attached hereto as Exhibit B.

10. Within sixty (60) days of the entry of this Consent Decree, Nu-Way will train all of its hourly employees concerning its Revised Attend-In and Attend-Out Policy.

## REPORTING

11. Semi-annually (meaning every six months), beginning on June 30, 2023 and ending June 30, 2025, and on or about two weeks prior to the termination of the Consent Decree, Nu-Way shall furnish to Plaintiff's counsel and an independent, court-appointed monitor, selected by the Court from among the parties 'separate submission of three candidates each, the following: (1) payroll and timekeeping data for five employees for one month in the reporting period (as designated by Plaintiff's attorney), reflecting such information as

Revised
Documents\4890-0203-4009.v1-3/27/23

previously provided to Plaintiff in this litigation, and (2) a report confirming that it has continued to follow the terms of the Attend-In & Attend-Out Policy attached hereto as Exhibit B and has not engaged in any rounding of time during the period of the Consent Decree whereby the rounding was only to the benefit of the employer. The fees and costs of the independent, court-appointed monitor are to be borne by Nu-Way.

## DISPUTE RESOLUTION

12. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party fifteen (15) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) business days, the complaining party may apply to the Court for any appropriate relief as the district court may entertain, including but not limited to a motion for an order to show cause why the non-compliant party should not be held in civil contempt of court, or a motion to enforce the settlement agreement between the parties as a matter of contract. The prevailing party in any such litigation shall be awarded its or their attorneys' fees and costs.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

13. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 12 above, remain unresolved, the term of the Decree shall be

4

automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree, by the parties providing in a dismissal stipulation that such dismissal will not convert into a dismissal with prejudice before the end of the term of this Consent Decree) until such time as all such disputes have been resolved.

MISCELLANEOUS PROVISIONS

14. Except as provided otherwise herein, each party to this Decree shall bear its own expenses, costs and attorneys 'fees.

| For Plaintiff Ryan Brushaber | For Defendant Nu-Way Industries, Inc. |
|---|---|
| William D. Kelly<br>Joseph A. Neveril<br>Kelly & Karras, Ltd.<br>1010 Jorie Boulevard, Suite 100<br>Oak Brook, Illinois 60523<br>(630) 575-0202<br>billkelly@kellykarras.com | Jeffrey S. Fowler (6205689)<br>Amber N. Lukowicz (6324266)<br>Laner Muchin, Ltd.<br>515 North State Street, Suite 2800<br>Chicago, Illinois 60654<br>(312) 467-9800<br>jfowler@lanermuchin.com |

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
65 West Jackson Blvd., Suite 107
Chicago, IL 60604
(312) 789-9700

DATE:  April 27, 2023           ENTER:  _____

The Honorable Judge Gabriel Fuentes
United States Magistrate Judge

5

## EXHIBIT A

## NOTICE TO ALL NU-WAY HOURLY EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in Brushaber v. Nu-Way Industries, Inc., Case No. Civ. 21-cv-6424 (N.D. Ill.), settling a lawsuit filed by Ryan Brushaber against Nu-Way. Mr. Brushaber alleged that Nu-Way did not comply with the Fair Labor Standards Act ("FLSA") in the way it applied time when an employee's time clock time was different than the employee's scheduled shift.

Nu-Way filed an Answer, in which it denied the allegations of the Complaint and denied any violations of the Fair Labor Standards Act or any other law regarding the payment of wages.

To resolve the case, Nu-Way and Brushaber have entered into a Consent Decree which provides, among other things, that:

1) Nu-Way agrees that it will comply with the provisions of the FLSA by ensuring that its hourly employees are paid for all time worked; if rounding is used, Nu-Way will ensure that it is used fairly, in ¼ hour increments, and not only for the benefit of the Company;

2) Nu-Way will not retaliate against any person exercising rights under the FLSA;

3) Nu-Way will implement a Revised Attend-in & Attend-out Policy clarifying the terms of the Policy;

4) Nu-Way will train all of its hourly employees regarding the Revised Attend-in & Attend-out Policy.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for twenty-four (24) months from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Jeffrey Grant Brown, 65 West Jackson Blvd., Suite 107, Chicago, IL 60604, (312) 789-9700.**

April 27, 2023
Date

_____
The Honorable Judge Gabriel Fuentes
United States Magistrate Judge

**EXHIBIT B**

**NU-WAY INDUSTRIES, INC. — ATTEND IN & ATTEND OUT POLICY**

This policy is designed to ensure that all non-exempt workers (employees or temporary workers) are fully compensated for time they are authorized and permitted to work. In order to ensure that this Policy is being followed, all non-exempt workers are responsible to "Attend-In" at the beginning of their shift and "Attend-Out" at the end of their shift. Production Workers are also required to clock-in and clock-out of assigned jobs during their work shift.

- You are expected to be on time, at your work station and ready to work at your assigned start time.

- For your convenience, you may Attend-In up to twelve (12) minutes before your scheduled start time — earlier Attend-Ins are not permitted. If you attend-in early, you must not begin work until your scheduled start time unless you have advance permission from your supervisor for an approved early start.

    *Example: if your scheduled start is 6:00 am, you may Attend-In between 5:48 am and 6:00 am to record your 6:00 am start. NOTE: The system does not permit an earlier Attend-In for a 6:00 am start.*

- If you arrive late, an Attend-In after your start time will adjust your start time forward to the next quarter hour. In addition, to avoid your accumulating any work time for which you would not be paid, you are not authorized or permitted to begin work, and you must not do so, until your adjusted start time.

    *Example: If your scheduled start is 6:00 am but you Attend-In late at 6:02 am, your start time will adjust to 6:15 am. In this example, you are not to start work earlier than 6:15 am., and you are not authorized or permitted to do so, without permission from your supervisor. The non-work time between late Attend-In and the adjusted start time is the employee's time and may be spent in the cafeteria or in a break area, at the employee's discretion. In addition, when you arrive late, the system does NOT permit you to clock into a job until your adjusted start time begins, and you are not authorized or permitted to start working (without permission from your supervisor) or perform any other work (including, for example, work that for any reason does not require you to log in to a machine operation) until your adjusted start time begins.*

- When your shift is over you are expected to promptly Attend-Out. Your Attend-Out should be done prior to you using the locker or rest room to gather belongings, etc. in preparation to leave.

- If you finish working but delay entering an Attend-Out when your shift ends, your delayed Attend-Out time is automatically adjusted back to the shift end time or to match the time you stopped working whichever is later.

7

- If you are asked to work beyond your shift end, your supervisor will approve the extra time worked in quarter hour increments even if a full quarter hour is not worked.

If you are not asked to work beyond your shift end but would like to do so (for example, to finish a particular project), you may do so only with your supervisor's approval. The supervisor will then determine if the Company wants you to work beyond your shift to complete the project and if appropriate (meaning, if the extra work time brings the employee's hours total during that week to in excess of 40 hours) be paid overtime to do so, or if the Company prefers you to stop work at the end of your shift and resume the project on the following workday. A request for approval to work beyond your shift end must be made during your regular shift. The time involved in the making and documenting of the request and approval will be work time for which you will be compensated at the appropriate rate. If the supervisor does not approve your request to work beyond your shift, your shift will end at its ordinary ending time, and you will resume work the following morning at your start time.

- Similarly, if you want to leave early before the end of your shift, you must first notify and obtain permission from your supervisor. Then you may attend out at the time the supervisor approves, which will be on the quarter hour, such as 2:45, 2:30, 2:15, etc., and your paid workday will end at the approved quarter-hour increment.
- NOTE: Early Attend-Out before your shift ends, without the approval of your supervisor, may result in disciplinary action unless you have advance permission from your supervisor.
- Time intervals between an early Attend In and your scheduled start time, and between the scheduled shift end and your Attend-Out time, are presumed to be non-working time. This includes time spent walking to your work station before the beginning of your workday and to the exit after the end of your workday, stopping to use the restroom, lunch room, etc.

I understand the above statements regarding the Attend-In and Attend-Out policy. I agree to comply with this policy and to follow the above procedures.

_____        _____
EMPLOYEE SIGNATURE                                    DATE

_____        _____
PRINT NAME                                                       CLOCK #

Revised
Documents\4890-0203-4009.v1-3/27/23